## GEORGE WING *vs.* JONATHAN P. BISHOP & others.

In an action against several defendants to recover for the use of horses and carts of the plaintiff, in which it is denied that he owned any such property, a judgment recovered by him against one of the defendants and an officer, for attaching as the property of another person the same horses and carts, is inadmissible.

Declarations by the nominal plaintiff in an action of contract, made after he had assigned the claim to another person, who prosecutes the action for his own benefit, are inadmissible to show that the claim was never valid.

CONTRACT upon an account annexed, to recover for the use of horses and carts, in 1854.

At the trial in the superior court, before *Brigham*, J., there was evidence tending to show that the defendants promised the p aintiff to pay him for the use of certain horses and carts employed in constructing a railroad. The defendants offered evidence in reply to contradict the evidence of the plaintiff and to show that he had no horses or carts at the time specified. The plaintiff then offered in evidence the record of a judgment

recovered by him against the defendant Bishop and one Coombs, a deputy sheriff, who was not one of the defendants, for attaching as the property of another person certain horses and carts belonging to him, and which were the same or a part of the same for the use of which the plaintiff sought to recover in this action; but the judge excluded the evidence.

The defendants offered to show that in August 1858 the plaintiff declared that he " never owned a cent in those horses and carts." This evidence was objected to, on the ground that before making the declaration the plaintiff had assigned his claim against the defendants to one Rogers, who prosecuted this action for his own benefit; and it was admitted that before making this declaration the plaintiff had said to Rogers, " I owe you; take this claim, collect it, and pay what I owe you out of it." The declarations were nevertheless admitted, upon the ground that admissions which go to the maintenance of the action and to the inception of the contract may be made by the assignor after the assignment of his claim, and be given in evidence, although the suit is prosecuted by the assignee for his own benefit; although admissions as to matters in avoidance and discharge might not be evidence, under like circumstances.

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*W. P. Webster*, for the plaintiff.

*G. A. Somerby*, for the defendants.

DEWEY, J. 1. The record of a judgment obtained by the plaintiff in a suit against Bishop and Coombs, was properly excluded. It was not between the same parties as the present, only one of the present defendants being a party to that action, and he being joined with a third person.

2. The declarations of the plaintiff in disparagement of his title, or tending to defeat the present action, if made after he had parted with all his interest in the contract which is the subject of the present action, by an assignment of the same to a third person for a good consideration, would not be competent evidence to defeat an action brought in his name by such assignee. This rule would exclude his declarations " which go to

the maintenance of the action and to the inception of the con-
tract," as well as " to matters in avoidance and discharge." But
the court held that although the suit was prosecuted by the
assignee for his own benefit, the former declarations might be
admitted.

Since the court treated the case as one prosecuted by an
assignee, and stated the rule of law as to the competency of the
evidence under the assumption that such assignment was
shown, we must so consider it in reference to the ruling admit-
ting the evidence objected to. We have not therefore thought
it proper under this bill of exceptions to consider the question
of the sufficiency of the proof of an assignment. Upon a new
trial, the question as to any assignment will be fully open, if the
defendant shall again offer to introduce in evidence the declara-
tions of the plaintiff.                          *Exceptions sustained.*